# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERESA ANN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-425 SNLJ |
| | ) |
| DR. HOWARD LEDERER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Teresa Ann Anderson for leave to commence this action without prepayment of the required filing fee. Having reviewed the application and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Application to Proceed without Prepayment of Fees or Costs

Plaintiff Teresa Ann Anderson filed an application to proceed *in forma pauperis*, or without the prepayment of fees or costs, in this civil action.[1] ECF No. 7. The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not

---

[1] Plaintiff's original application to proceed *in forma pauperis* (ECF No. 2) was returned to plaintiff by the Court because it was unsigned. *See* ECF No. 4. Plaintiff filed a signed application on April 14, 2020. ECF No. 7.

show that she is "absolutely destitute," but she must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

According to plaintiff's application, her monthly take-home pay is approximately $4,486, she has $2,500 in a bank account, and she owns a vehicle valued at approximately $5,000. In response to the application's questions about financial expenses, debts, and dependents, plaintiff responded: "Please see budget." ECF No. 7 at 2. Attached to the application, plaintiff included a list of "Creditors" and corresponding "Payment" amounts. *Id.* at 3-4. Plaintiff does not specify whether these Payment amounts are monthly expenses or total amounts owed. Based on the Payment amounts listed, most appear to be monthly costs, except for the last three amounts which appear to be total debts owed. *See id.* at 4 (listing "$1,300.00" for "MSD – 12178," "$210,000.00" for "Student Loans," and "128,000.00" for "Mr. Cooper Mortgage"2). The Court notes that many of the listed Creditors do not appear to be the type of creditor who provides "necessities of life." *Adkins*, 335 U.S. at 339. *See* ECF No. 7 at 3-4 (listing Creditors of "Kohl's," "Macys," "Nordstrom Credit," "American Airlines," "Frontier Airlines," "Netflix," and "Hulu"). However, giving plaintiff the benefit of the doubt and considering all the listed utility expenses along with her mortgage payment, the Court will grant plaintiff's application to proceed without prepayment of fees or costs. The filing fee will be waived in this matter. Of course, the Court may dismiss this case at any time if the Court determines that the allegation of poverty

---

[2] Plaintiff does not explain who "Mr. Cooper" is or why his mortgage should be considered in her expenses. Therefore, the Court only considered the listed "NationStar Mortgage" payment for plaintiff's monthly mortgage cost. ECF No. 7 at 3.

is untrue.   28 U.S.C. § 1915(e)(2)(A); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458-59 (8th Cir. 2000).

## The Complaint

Plaintiff filed her civil complaint on March 19, 2020, against defendant Dr. Howard Lederer for "Medical Malpractice."   ECF No. 1 at 4.   Because the complaint was unsigned, the Court had the Clerk return the complaint to plaintiff for signing.   *See* ECF No. 4.   Plaintiff refiled the signed complaint on April 14, 2020.   ECF No. 6.

Plaintiff states that she had gastric weight loss surgery in 2013, performed by a doctor not involved in this lawsuit.   Then on September 18, 2020, she had a skin removal procedure performed by defendant Dr. Howard Lederer, that has left her disfigured.   *Id.* at 5.   Plaintiff seeks monetary damages from defendant, some of which is intended to cover the costs of paying a plastic surgeon to correct the disfiguration.   *Id.*

On the page of plaintiff's form complaint where she is asked to provide the basis for federal jurisdiction over this matter, plaintiff typed "Medical Malpractice Claims" under the heading for 'Federal Question' jurisdiction.   *Id.* at 3.   Also, under the 'Diversity of Citizenship' heading, plaintiff specified that she is a citizen of the state of Missouri and that defendant is as well.   *Id.* at 3-4.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."   *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).   The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction *sua sponte*, if necessary.   *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010).   The Court must dismiss any action over

which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). This Court has federal question jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States, under 28 U.S.C. § 1331. The Court also has jurisdiction to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

Plaintiff's complaint asserts that the Court has federal question jurisdiction based on the medical malpractice claim asserted. However, plaintiff points to no constitutional provision, law, or treatise of the United States which governs medical malpractice claims. Medical malpractice claims are tort claims normally brought under state law. As the instant action does not appear to arise under the Constitution, laws, or treaties of the United States, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Diversity jurisdiction exists when the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In this case, plaintiff admits that she and defendants are both citizens of Missouri. Therefore, diversity jurisdiction does not exist.

The Court will order plaintiff to show cause, in writing and within twenty-one (21) days from the date of this Order, why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's signed motion for leave to proceed *in forma pauperis* [ECF No. 7] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's unsigned motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 21st day of April, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE